IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HUDSON LYNN EDGETT**                                                                       **PLAINTIFF**

**V.**                                           **NO. 4:16-CV-230-DMB-DAS**

**GRENADA CO. SHERIFF
DEPARTMENT, et al.**                                                             **DEFENDANTS**

**AMENDED ORDER**

This civil rights action is before the Court on Hudson Lynn Edgett's motion to appeal in forma pauperis. Doc. #20.

**I
Procedural History**

On or about November 16, 2016, Hudson Lynn Edgett, a prisoner at East Mississippi Correctional Facility, filed a complaint in this Court challenging the conditions of his confinement. Doc. #1. On April 10, 2017, this Court entered an Order of Dismissal dismissing Edgett's claims as frivolous. Doc. #8. The Court entered a final judgment the same day. Doc. #9.

On or about July 5, 2017, Edgett filed a notice of appeal of this Court's final judgment. Doc. #18. On August 16, 2017, Edgett filed a motion to appeal in forma pauperis. Doc. #20.

**II
Analysis**

"Upon filing a notice of appeal, the appellant must pay the district clerk all required fees." Fed. R. App. P. 3(e). However, "any court of the United States may authorize the commencement, prosecution or defense of any … appeal … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a prisoner seeks to bring a

civil action or appeal a judgment in a civil action without prepayment or fees or security, he must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for [him] for the 6-month period immediately preceding the filing of the … notice of appeal …." 28 U.S.C. § 1915(a)(2). Furthermore, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Edgett's motion to appeal in forma pauperis does not include an affidavit of his assets or a certified copy of his trust fund account for the six-month period immediately preceding the notice of appeal. Furthermore, for the reasons discussed in this Court's Order of Dismissal, the Court concludes that Edgett's appeal is not taken in good faith. Accordingly, his motion to appeal in forma pauperis [20] is **DENIED**.[1]

Edgett is assessed an initial partial fee of $0.00. The agency having custody of Edgett shall collect this amount from his trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court. Thereafter, Edgett shall pay $505.00, the balance of the filing fees, in periodic installments. Edgett is required to make payments of 20% of the preceding month's income credited to his prison account until he has paid the total filing fees of $505.00. The agency having custody of Edgett shall collect this amount from his trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If Edgett moves to proceed on appeal in forma pauperis, the clerk shall mail a copy of this order to the inmate accounting office or other person(s) or entity with responsibility for collection

---

[1] Edgett may challenge this finding, pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed in forma pauperis on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within thirty days of this order. *See* Fed. R. App. P. 24(a)(5).

and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which Edgett is currently or subsequently confined.

**SO ORDERED**, this 29th day of November, 2017.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**